

Lauren M. Paxton, Esq.
908-964-2453
lpaxton@olenderfeldman.com
*Please respond to New Jersey address*

December 17, 2018

**VIA CM/ECF**
Honorable Steve Mannion, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

>  Re:   **Agenda Letter for December 20, 2018 Status Teleconference**
>         **Strategic Delivery Solutions, LLC v. Stallion Express, LLC, et al.**
>         **Case No.:  2:18-cv-08779-MCA-SCM**

Dear Judge Mannion:

The undersigned firm represents Strategic Delivery Solutions, LLC ("SDS" or "Plaintiff"), Plaintiff in the above-referenced civil action.  Upon consultation with counsel for Stallion Express, LLC, Timothy Kravitz and Christopher Sahadi ("Defendants"), the parties respectfully submit this Agenda Letter in advance of the Telephone Status Conference before Your Honor on Thursday, December 20, 2018, at 11:30 a.m.:

1. Document Discovery:  On December 12, 2018, Defendants produced a voluminous discovery production:

   - Plaintiff's Position:  The production included 25,000 largely indecipherable 1-page files, most of which are 1-page TIF (image) and txt (text) files, which appear to be converted from an electronic database, and, in the process, have lost all discernable content.  In Plaintiff's view, this production is the precise type of "document dump" the Court warned against, and ordered the parties to refrain from in the May 31, 2018 Pretrial Conference.  Plaintiffs have asked Defendants to cure the defect in their production, including by providing an index or explanation for the form and organization of the production.

   - Defendants' Position:  The parties did not enter into a formal agreement regarding the format of document productions.  It is not incumbent upon Defendants to know what Plaintiff's preferred production format would be.  Thus, Defendants provided both TIFF files and PDFs in this production.  Defendants also provided load

**New Jersey**
422 Morris Avenue
Summit, New Jersey 07901

**New York**
1180 Avenue of the Americas, 8th Floor
New York, New York 10036

olenderfeldman.com
fax: 908-810-6631

Honorable Steve Mannion, U.S.M.J.
Page 2
December 17, 2018

files that denote document boundaries and family relationships. Defendants provided the document-level text files so that the material would be fully searchable and, for instances were documents could not be rendered to an image format or were some sort of unique or proprietary file, Defendants provided the native versions of those files. In short, Defendants made a standard, formal document production with all the components that are customary in traditional ediscovery. If Plaintiff imports the production to a document review platform, which is ideally what it is designed for, it should be easy to navigate documents, families, and run searches.

The data from these sources was processed by an established ediscovery vendor who then also ran the searches requested. Far from being a "document dump," the search terms yielded slightly less than 300 documents out of over 12,000 documents searched (a search hit rate of about 2.2%). Defendants produced nearly all of these search results since the terms were those proposed by SDS.

Further, Plaintiff's reference to "mostly 1-page TIFF" files illustrates a fundamental misunderstanding of documents versus pages and also of document production formatting. The reason Plaintiff sees so many single page TIFF files is because TIFF document productions are traditionally formatted in single page format. This is because multipage TIFF file are so large as to be unwieldy. So the standard production format is single-page, black and white tiff. Thus, Defendants provided the load files. The load files is what organizes all the individual TIFF into logical documents.

Notably, Defendants also produced a methodology report regarding the keyword search as STALLION025791-STALLION025793— the very first document in the separately attached PDF in their email transmitting the documents, and very next document (numerically) after the set of keyword-derived documents, which the methodology report pertains to.

Finally, with respect to the "indecipherable" documents, those documents triggered hits on one or more of the keywords listed in Plaintiff's requests. Defendants chose to err on the side of production in the spirit of full transparency.

In sum, there is nothing for Defendants to "cure."

Honorable Steve Mannion, U.S.M.J.
Page 3
December 17, 2018

2. Further Document Production:
    - Plaintiff's Position: Defendants have represented that they have 85,000 more documents to review for production. Plaintiff has requested that Defendants refrain from another "document dump" and avoid producing indecipherable 1-page TIF (image) and txt (text) files as in the December 12, 2018 production. Defendants did not request a meet and confer until after hours on the day that the production was due, which was viewed as not in good faith.

    - Defendants' Position: Defendants never represented that they have 85,000 more "documents" to review for production. Rather, Defendants advised Plaintiff that two of Plaintiff's search terms generated 85,000 "hits" and requested a meet and confer before reviewing those hits for production. Plaintiff refused to engage in a meet and confer thus forcing Plaintiff to file the motion to extend referenced below.

3. Defendants' Undisclosed Contact With Plaintiff's Witness:

    - Plaintiff's Position: Plaintiff has recently learned that Defense counsel directed written communications to one of Plaintiff's former employees, who thereafter became a Stallion employee, and was identified as a witness in Plaintiff's discovery. Defense counsel did not share the communication with us pursuant to their ongoing discovery obligations, as required under Fed. R. Civ. P. 26(e). Defendants remain under a continuing obligation to supplement their responses to Plaintiff's document requests regarding former employees of Plaintiff who became employees of Defendant Stallion, and regarding individuals who have knowledge of Defendants' response to Plaintiff's preservation directives, including document requests #13, 47-48, 73-83, 115-117, 126 & 144.

    - Defendants' Position: Defendants contacted a former Stallion employee about matters unrelated to the allegations in the current Complaint. Defendants have no obligations to produce that communication and Plaintiff does not point to a specific document request that it believes needs to be supplemented.

4. SDS's Pending Motion to Compel, including its Request for a Special Master, with Costs:

    - Plaintiff's Position: Plaintiff continues to seek relief on this motion, including the appointment of a Special Master and its fees. Defendants' document production reveals that Defendants have

Honorable Steve Mannion, U.S.M.J.
Page 4
December 17, 2018

>  always had a significant volume of records to produce throughout the course of this litigation, and that they deliberately withheld records until Plaintiff was required to file a motion to compel production. An award of Plaintiff's fees is required to prevent Defendants from reaping the benefits of their delays and stonewalling tactics while Plaintiff was required to expend significant resources to secure Defendants' compliance with their obligations.
>
> - Defendants' Position: Plaintiff has repeatedly refused to meet and confer with Defendants and made multiple misrepresentations to the Court, which has created the discovery delays. Defendants have complied with the Court's Order to supplement their responses and have and continue to produce documents although Plaintiff still refuses to engage in meaningful meet and confers. An award of fees or appointment of a special master is inappropriate under these circumstances. In addition, a special master is unwarranted as Defendants have produced nearly everything requested.

5. Defendants' Motion to Strike Plaintiff's Letter and Defendants' Motion for Extension of Time:

    - Plaintiff's Position: Neither of Defendants' Motions are properly before the Court because they were filed in violation of the Court's Pretrial Order (5/31/18; Dkt. 32 ¶13 ("**No motions are to be filed without prior written permission from this Court**.")), as well as Local Rule 37.1, both of which require leave of Court by joint letter as a precondition to the motions. Also, the unsworn factual matter advanced in the motions cannot be considered by the Court because it is not supported by a competent certification or affidavit of a party or counsel, consistent with the practice in this Court (Local Rules 7.1, 7.2, and 28 U.S.C. § 1746). With regard to the Motion for Extension, counsel for Defendants did not even notify counsel for Plaintiff of its intent to file the Motion until 6:40 p.m. on December 12, 2018 (the day the discovery was due under the Court's Order), and Defendants proceeded to file the Motion that evening at 10:46 p.m.

    - Defendants' Position: Defendants provided a copy of the Motion to Strike to Plaintiff before filing it and offered Plaintiff an opportunity to withdraw its letter. Plaintiff did not. Plaintiff also attempted to meet and confer with Plaintiff by phone and email on the issues

Honorable Steve Mannion, U.S.M.J.
Page 5
December 17, 2018

>related to the Motion for Extension of Time before filing it. Plaintiff refused to engage in a meet and confer and Defendants could not have engaged Plaintiff any earlier. Thus, Defendants should not be prevented from seeking relief on the matters subject to the pending motions. Defendants will be prepared to address both unless the Court prefers briefing to close first.

6. Scheduling Order: Due to the discovery delays in this case, including Defendants' representation that it has not yet completed its review and production of nearly 85,000 additional pages of document discovery, the remaining deadlines in the Court's Pretrial Scheduling Order will need to be continued, including the time within which the parties may conduct depositions, amend the pleadings, complete fact discovery, complete expert discovery, and proceed with dispositive motions.

7. Depositions: Defendants request that Plaintiff be prepared to discuss deposition dates. Plaintiff is not willing to forgo its ability to secure documents in advance of depositions, and will be prepared to schedule depositions once Defendants have complied with their document discovery obligations.

8. Settlement Conference: Defendants request that Plaintiff be prepared to discuss a date for an in-person settlement conference with counsel and parties present. Plaintiff remains willing to discuss settlement, as it has in the past. However, Defendants must comply with their discovery obligations first. The parties cannot discuss settlement when the extent to which Defendants have, and may continue to use, Plaintiff's confidential and proprietary business information and trade secrets remains unknown. Plaintiffs cannot be expected to negotiate in a vacuum.

Respectfully submitted,

/s/ *Lauren M. Paxton*
LAUREN M. PAXTON