UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |  |
|---|---|
| STRATEGIC DELIVERY SOLUTIONS, LLC, <br><br> Plaintiff, <br> v. <br><br> STALLION EXPRESS, LLC, et al., <br><br> Defendants. | Civil Action No. <br><br> 2:18-CV-08779-MCA-SCM <br><br> **OPINION AND ORDER ON PLAINTIFF'S MOTION TO COMPEL** <br><br> **[D.E. 50, 59, 66]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Plaintiff Strategic Delivery Solutions, LLC's ("Strategic") motion to compel discovery from Defendants Stallion Express, LLC ("Stallion"), Timothy Kravitz ("Mr. Kravitz"), and Christopher Sahadi ("Mr. Sahadi") (collectively "Stallion Defendants").[1] The Stallion Defendants opposed.[2] The Court has reviewed the parties' submissions and heard oral argument on April 10, 2019. For the reasons set forth herein, the motion to compel is **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 50, Pl.'s Mot. to Compel; D.E. 59, Joint Agenda Letter; D.E. 66, Pl.'s Mot. for Sanctions). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 51, Defs.' Opp'n; D.E. 72, Defs.' Opp'n).

## I. PROCEDURAL HISTORY[3]

The parties filed their initial joint dispute letter on October 8, 2018, which concerned whether the Stallion Defendants should be compelled to produce certain discovery.[4] A few weeks later, the parties filed their respective briefs and affidavits on the issue.[5] Strategic sought to obtain discovery responses to numerous requests for document production.[6]

On November 28, 2018, the Court ordered the parties to "immediately confer regarding whether any of the at-issue discovery requests should be amended or withdrawn," and ordered the Stallion Defendants to "amend and/or supplement their responses to Plaintiff's requests for document production within 14 days."[7] The Stallion Defendants provided supplemental objections and responses to Strategic's request for the production of documents on December 12, 2018,[8] and again on January 10, 2019.[9]

By joint agenda letter dated December 17, 2018, Strategic informed the Court that it had not abandoned its motion to compel.[10]

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 48, Joint Dispute Letter.).

[5] (D.E. 50, Pl.'s Mot. to Compel; D.E. 51, Defs.' Opp'n).

[6] (D.E. 50, Pl.'s Mot. to Compel; D.E. 51-5, Defs.' Opp'n, at Ex. D).

[7] (D.E. 52, Order).

[8] (D.E. 55, Defs.' Notice). Note that discovery requests and responses are served on parties to the case and should not be filed with the Court unless in support or opposition to a pending motion.

[9] (D.E. 63, Defs.' Discovery Response).

[10] (D.E. 59, Joint Agenda Letter).

On February 14, 2019, Strategic filed a supplemental submission to its motion to compel.[11] The Stallion Defendants opposed.[12]

## II. **LEGAL STANDARD**

The Court's pretrial scheduling order "controls the course of the action unless the court modifies it."[13] This is because the Court maintains control over the schedule to expedite disposition of the action and discourage wasteful pretrial activities.[14]

Paragraph 5 of the Pretrial Scheduling Order provides as follows:

> Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. Should informal efforts fail to resolve the dispute, the matter shall be brought to the Court's attention via a **joint letter** that sets forth: (a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; including citations to appropriate caselaw; and (e) why the responding party believe the response is sufficient. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.
>
> Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.
>
> No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.
>
> Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than 30 days before the fact end date. **The Court will not consider any discovery**

---

[11] (D.E. 66, Pl.'s Mot.).

[12] (D.E. 72, Defs.' Opp'n).

[13] Fed. R. Civ. P. 16(d).

[14] Fed. R. Civ. P. 16(a).

**dispute (other than those arising during depositions) brought to its attention after this date**. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.[15]

## III. DISCUSSION AND ANALYSIS

Each side accuses the other of abusive litigation tactics in this case. If more time were spent collaborating with each other to resolve discovery disputes rather than attacking each other's motives and conduct, these parties would be farther along in discovery with fewer costs.

Here, Strategic filed a motion in October complaining about the sufficiency of the Stallion Defendants' responses to its discovery requests. The Court's protocol required that the motion set forth: "(a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; including citations to appropriate caselaw; and (e) why the responding party believe the response is sufficient."[16] The Scheduling Order further warned that:

> <u>Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute</u>.[17]

Strategic's papers did not identify the specific discovery requests at-issue, the responses that were deficient, or why it believed any specific response was deficient. The Stallion Defendants subsequently supplemented their discovery responses at least twice, which presumably narrowed the scope of the original dispute. Nonetheless, Strategic has again not focused the Court upon any specific discovery requests and responses, and instead makes broad allegations of impropriety.

---

[15] (D.E. 32, Sch. Order, at ¶ 5).

[16] (*Id.*).

[17] (*Id.*).

4

Federal Rule of Civil Procedure 1 mandates that all rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[18] Judges and attorneys share the responsibility "to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay."[19] The Court should not have to guess which requests and responses are in dispute or why. Therefore, Strategic has waived any deficiencies in the Stallion Defendants' discovery responses.

## ORDER

**IT IS** on this Thursday, April 11, 2019,

**ORDERED**, that Plaintiff Strategic's motion to compel sufficient responses is **DENIED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/11/2019 2:52:51 PM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File

---

[18] Fed. R. Civ. P. 1.

[19] *Atlas Res., Inc. v. Liberty Mut. Ins. Co.*, 297 F.R.D. 482, 485 (D.N.M. 2011) (citations omitted).